IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 25-cv-04089-NYW

JUAN ANTONIO DIAZ LOPEZ,

    Petitioner,

v.

KRISTI NOEM, in her official capacity;
PAMELA BONDI, in her official capacity;
ROBERT HAGAN, in his official capacity; and
JUAN BALTAZAR, in his official capacity;

    Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents have responded, [Doc. 8], and Petitioner has replied, [Doc. 9]. For the reasons set forth below, the Petition is **GRANTED in part**.

## BACKGROUND

Petitioner Juan Antonio Diaz Lopez ("Petitioner" or "Mr. Diaz") is a citizen of Mexico who has lived in the United States since 2012. [Doc. 1 at ¶¶ 1 , 25]. He was taken into custody by United States Immigration and Customs Enforcement ("ICE") in November 2025 and has been held without a bond hearing ever since. [*Id.* at ¶ 1, 27]. The Government purports to detain Mr. Diaz under 8 U.S.C. § 1225(b). *See* [Doc. 1 at ¶ 1; Doc. 8 at 2; Doc. 8-1 at ¶ 10]. Mr. Diaz disputes the Government's interpretation of

§ 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 30–31, 61–69]. But because § 1225(b)(2)(A) provides for mandatory detention, Mr. Diaz has no opportunity for release on bond while the Government considers him detained under this provision. [*Id.* at ¶ 32].

In the Petition, Mr. Diaz brings four claims challenging the lawfulness of Respondents' decision to detain him without a bond hearing. First, Mr. Diaz asserts that Respondents' erroneous application of § 1225(b) to his detention violates his substantive due process rights, namely his fundamental liberty interest in being free from bodily restraint. [*Id.* at ¶¶ 49–53 ("Count One")]. Second, Mr. Diaz contends that Respondents have violated his procedural due process right to a bond hearing under § 1226(a). [*Id.* at ¶¶ 54–59 ("Count Two")]. Third, Mr. Diaz asserts that Respondents' erroneous application of § 1225(b) and § 1226(a) violates the statutory provisions themselves. [*Id.* at ¶¶ 60–70 ("Count Three")]. And fourth, Mr. Diaz argues that he is entitled to a bond hearing under § 1226(a) pursuant to a classwide judgment in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), Dkt. No. 94. [Doc. 1 at ¶¶ 71–76 ("Count Four")]; *see also Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (amended summary-judgment order), *appeal docketed*, No. 25-7958 (9th Cir. Dec. 19, 2025). Mr. Diaz seeks, among other things, a writ of habeas corpus ordering that he either be released from custody or granted a bond hearing under § 1226(a). [Doc. 1 at 20]. If the Court orders a bond hearing, Mr. Diaz requests that the Government bear the burden of proof and the immigration judge be required to consider his ability to pay as a factor in setting bond. [*Id.*].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Diaz's constitutional and statutory claims turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

**I.     Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-

3

*Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303).  This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here.  *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme."  *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."  *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").  Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 11], so the Court does not substantively address detention under this subsection.

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II. Application to Petitioner's Statutory Claim

Because Mr. Diaz's constitutional claims rest on his statutory arguments regarding § 1225 and § 1226, the Court begins with Count Three.

Respondents argue that § 1225(b)(2)(A) applies and requires Mr. Diaz's detention, so he is not entitled to a bond hearing. *See* [Doc. 9]. This Court, following the clear weight of persuasive authority, has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[2] In *Loa Caballero,* this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Mr. Diaz, the

---

[2] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Mr. Diaz, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, C.J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

5

Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id*. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8.

Respondents provide no persuasive reason for the Court to depart from this conclusion. They rely primarily on the Supreme Court's description of § 1225(b)(2) as a "catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287; [Doc. 8 at 11]. Respondents reason that this statement must mean that any "applicant for admission" not covered by § 1225(b)(1) is necessarily subject to mandatory detention under § 1225(b)(2). This Court and others in this District have already declined to adopt Respondents' "selective citation" to *Jennings*. *See Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *3–4 (D. Colo. Jan. 6, 2026); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL

6

89613, at *2 (D. Colo. Jan. 13, 2026).  As this Court explained in *Briales-Zuniga*, "*Jennings* did not address exactly which noncitizens are covered by § 1225(b)(2)," and other portions of *Jennings* support the Court's interpretation of § 1225(b)(2) and § 1226(a).  2026 WL 35227, at *3–4 (citing *Jennings*, 583 U.S. at 289, 297–301).

Respondents also argue that, under § 1225, anyone "falling within the category of 'applicants for admission' is to be deemed, as a matter of law, to be seeking admission." [Doc. 8 at 11–12 (citing 8 U.S.C. § 1225(a)(3), (b)(5))].  The Court rejected this argument in *Loa Caballero*.  2025 WL 2977650, at *6 & n.4.  As the Court explained, Respondents' position violates the meaningful-variation canon of statutory interpretation by assigning the same meaning to an "applicant for admission" and a person "seeking admission."  *See id.* (first citing *Pulsifer v. United States*, 601 U.S. 124, 149 (2024); and then citing *Lopez Benitez*, 795 F. Supp. 3d at 488).  Despite *Loa Caballero*'s issuance months prior to the filing of the Response, Respondents neither acknowledge *Loa Caballero* nor attempt to distinguish it.  *See generally* [Doc. 8].

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner.  The "default rule" of discretionary detention under § 1226(a) therefore applies.  *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.  And because Respondents have failed to provide Mr. Diaz with a bond hearing or any other individualized custody determination, his continued detention without a bond hearing violates § 1226(a).

7

### III.    Due Process Claims and Appropriate Remedy

Mr. Diaz's constitutional claims spring from his statutory arguments. He argues that his erroneous detention under § 1225(b)(2)(A) violates his substantive and procedural due process rights. [Doc. 1 at ¶¶ 49–59]. In his Reply, Mr. Diaz suggests that, to comport with due process, Respondents must provide him with a bond hearing "to determine whether his continued detention would serve the government's interest in protecting the community or ensuring his appearance for removal proceedings." [Doc. 9 at 10]. Respondents do not dispute that noncitizens detained under § 1226(a) are entitled to an individualized custody determination. *See* [Doc. 8]. Rather, Respondents argue that Mr. Diaz has suffered no due process violation because he has received all the process to which he is entitled under § 1225(b). [*Id.* at 16–17].

Having concluded that § 1226(a) governs Mr. Diaz's detention, the Court is respectfully unpersuaded by Respondents' position. The Court concurs with the numerous other district courts that have concluded that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025 WL 2652880, at *4; *Garcia Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6–7 (D. Colo. Jan. 14, 2026); *Lopez-Campos*, 797 F. Supp. 3d at 784–85. And because Mr. Diaz is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. This Court—again following the clear weight of persuasive authority—has twice held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4.

Mr. Diaz, however, takes this issue a step further. He asks the Court to order that at the bond hearing, the Government bear the burden of proof and the immigration judge consider his ability to pay. [Doc. 1 at 20; Doc. 9 at 10]. At no point does Mr. Diaz put forth any legal argument or authority in support of this request. *See* [Doc. 1 at 20; Doc. 9 at 10]. Nor has the Court previously analyzed whether § 1226(a) or the Due Process Clause require any particular procedural protections at a bond hearing for a noncitizen like Mr. Diaz, who is detained under § 1226(a) despite the Government's insistence that § 1225(b) mandates his detention.

Without the benefit of substantive briefing from the Parties, the Court will not undertake its own analysis at this time. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants). Nevertheless, the Court observes that the weight of authority in this District favors requiring the Government to bear the burden of proof at a bond hearing under § 1226(a). *See, e.g.*, *Garcia Abanil*, 2026 WL 100587, at *8 (collecting cases); *cf. Loa Caballero*, 2025 WL 2977650, at *9 (ordering the Government to "bear the burden of justifying detention" at a § 1226(a) bond hearing (collecting cases)). Finding those analyses persuasive, the Court will require the Government to bear the burden of establishing at Mr. Diaz's bond hearing that he presents a flight risk or danger to the community, such that his continued detention is justified. But because Mr. Diaz provides no basis for his request that the immigration judge consider his ability to pay, the Court will not address this issue. Finally, having decided Mr. Diaz's substantive claims on

their merits, the Court respectfully declines to reach the question of whether Mr. Diaz could also obtain relief pursuant to the district court's order in *Maldonado Bautista*.

Accordingly, Respondents are **ORDERED** to provide Mr. Diaz with a bond hearing before an immigration judge no later than February 3, 2026.  At the bond hearing, the Government will bear the burden of justifying Mr. Diaz's continued detention.  If Respondents to not do not provide Mr. Diaz with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.  On or before February 10, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Respondents shall provide Petitioner a bond hearing no later than February 3, 2026.  The Government shall bear the burden of proof at the hearing.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3) On or before February 10, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from

10

custody; and (2) whether any additional proceedings in this matter are required.

DATED:  January 27, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge